## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

MARY CHARLOTTE FRANKLIN                                          Plaintiff

v.                            5:09CV00383 BSM/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                         Defendant

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Brian S. Miller.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Mary Charlotte Franklin, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. <u>Slusser v. Astrue</u>, 557 F.3d 923, 925 (8th Cir. 2009); <u>Long v. Chater</u>, 108 F.3d 185, 187 (8th Cir. 1997); <u>see</u> <u>also</u> 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Reynolds v. Chater</u>, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. <u>Sultan v. Barnhart</u>, 368 F.3d 857, 863 (8th Cir. 2004); <u>Woolf v. Shalala</u>, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C.

2

§§ 423(d)(3); 1382c(a)(3)(D).

In her Adult Disability Report, Plaintiff alleged that she was
limited in her ability to work by posttraumatic stress disorder,
depression and back problems.  (Tr. 149)  The Commissioner found
that she was not disabled within the meaning of the Social Security
Act.   The  only  issue  before  this  Court  is  whether  the
Commissioner's decision that Plaintiff was not disabled within the
meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff,
a witness and a vocational expert testified, the Administrative Law
Judge[1] (ALJ)  concluded  that  Plaintiff  had  not  been  under  a
disability  within  the  meaning  of  the  Social  Security  Act  at  any
time through April 14, 2008, the date of his decision.  (Tr. 27-28)
On October 15, 2009, the Appeals Council denied Plaintiff's request
for a review of the ALJ's decision, making the ALJ's decision the
final decision of the Commissioner.  (Tr. 5-7)  Plaintiff then
filed her complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds
that the decision of the Commissioner is supported by substantial
evidence.

Plaintiff was 34 years old at the time of the hearing.  (Tr.
36)  She is a high school graduate in regular classes.  (Tr. 36,
156, 365)  She has past relevant work as a certified nurse's aide,

---

[1]The Hon. David J. Manley.

cook and tutor.  (Tr. 27, 36, 53, 150, 160-66, 286)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2007).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. §§ 404.1520(b), 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If not, benefits are denied.  Id.  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. §§ 404.1520(c), 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  Id. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  Id. §§ 404.1520(a)(4), 416.920(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If so,

benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 17)  He found Plaintiff had a possible seizure disorder, syncope; mild axonal[2] neuropathy; low back pain; depressive disorder, not otherwise specified and social anxiety disorder.  Id.  He found she had a "severe" impairment, but that she did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 17-18)  He judged that Plaintiff's allegations regarding her limitations were not credible to the extent alleged.  (Tr. 22)

The ALJ found Plaintiff retained the residual functional capacity for unskilled work with seizure precautions.  (Tr. 23)  He found she was unable to perform her past relevant work.  (Tr. 26)  The ALJ correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional

---

[2]Pertaining to an axon; most often used to describe the type of underlying nerve pathology responsible for generalized polyneuropathies.  PDR Medical Dictionary 191 (3d ed. 2006).

capacity, age, education and past work.  <u>Id.</u>  Thus, the ALJ concluded that Plaintiff was not disabled.  <u>Id.</u>

Plaintiff argues the ALJ failed to develop the administrative record by failing to recontact two medical providers as required by 20 C.F.R. §§ 404.1512(e) and 416.912(e).  (Br. 16-19)  Plaintiff misconstrues those two regulations.  They begin as follows:

> (e) *Recontacting medical sources.* When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled . . . .

20 C.F.R. §§ 404.1512(e) and 416.912(e) (2007).

There is considerable evidence in the record from each of the two medical providers, Lake Village Clinic (Tr. 311-54, 383-419) and Delta Counseling Associates (Tr. 270-83, 446-64).  On July 25, 2007, she first reported seizure-like activity to a family nurse practitioner at Lake Village Clinic.  (Tr. 397)  She said she had passed out the night before, and had passed out twice the previous month.  <u>Id.</u>  Approximately one month later, Plaintiff was evaluated by Jacquelyn Sue Frigon, M.D., a neurologist.  (Tr. 364-67)  Plaintiff told Dr. Frigon about being seen at Lake Village Clinic. (Tr. 364)  Dr. Frigon noted, "They also discussed the possibility of a seizure disorder, but she denies every [<u>sic</u>] having a seizure."  <u>Id.</u>  Dr. Frigon diagnosed mild axonal neuropathy after nerve conduction studies.  (Tr. 365)  She interpreted an EEG as "questionably abnormal."  <u>Id.</u>  She prescribed medication and told Plaintiff not to drive and to return in three months.  (Tr. 366)

Plaintiff admitted she was sometimes noncompliant with her medication. (Tr. 170, 382, 426) Dr. Frigon told her not to drink alcohol. (Tr. 422) Plaintiff told Dr. Frigon that she did not drink alcohol. (Tr. 365) She also testified that she had not drunk alcohol for three years. (Tr. 38) She told other medical personnel, however, that she occasionally drank alcohol. (Tr. 380, 384, 387, 398, 401, 404, 466, 469, 471, 472)

In October of 2007 (the month before the administrative hearing), a neurological examination at Chicot Memorial Hospital was "essentially normal." (Tr. 382) The same month, a discharge note from Jefferson Regional Medical Center indicated that she could perform all activities of daily living without assistance. (Tr. 424) Dr. Frigon was of the same opinion. (Tr. 365) Plaintiff had normal strength and range of motion. (Tr. 427)

On June 29, 2006, James C. Wright, D.O., assessed depression and indicated, "I don't think she can work at this time until we get some counseling." (Tr. 329) A few days later, Plaintiff began counseling at Delta Counseling Associates. (Tr. 278-82) Treatment records there reveal that Plaintiff was doing well overall. (Tr. 447, 449, 452, 457) Her depression was under control. (Tr. 447, 449) In February of 2007, she reported doing "very well." (Tr. 458) In June, 2007, she reported she was doing "fairly well overall" and intended to enroll in college classes in the fall. (Tr. 452) Attending school is inconsistent with disability. See Tennant v. Apfel, 224 F.3d 869, 871 (8th Cir. 2000).

Plaintiff bears a heavy burden in showing the record has been inadequately developed; she must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. Combs v. Astrue, 243 Fed.Appx. 200, 204 (8th Cir. 2007). The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. E.g., Haley v. Massanari, 258 F.3d 742, 749 (8th Cir. 2001); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record was sufficient for the ALJ to make an informed decision without obtaining additional evidence.

Next, Plaintiff contends the ALJ's residual functional capacity determination was not supported by substantial evidence. (Br. 19-21) The ALJ must determine the claimant's residual functional capacity based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations. Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005); Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); McGeorge v. Barnhart, 321 F.3d 766, 768 (8th Cir. 2003); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). He must also evaluate the claimant's credibility. Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2008).

As detailed in the above discussion of Plaintiff's first argument, there is clearly substantial evidence in the record to support the ALJ's residual functional capacity determination.

In addition, Plaintiff's residual functional capacity argument

8

seeks to place the burden of proof on the Commissioner.  It is the
claimant's burden, not that of the Social Security Commissioner, to
prove the claimant's residual functional capacity.  <u>Goff v.
Barnhart</u>, 421 F.3d 785, 790 (8th Cir. 2005); <u>Eichelberger v.
Barnhart</u>, 390 F.3d 584, 591 (8th Cir. 2004); <u>Masterson v. Barnhart</u>,
383 F.3d 731, 737 (8th Cir. 2004); <u>Baldwin v. Barnhart</u>, 349 F.3d
549, 556 (8th Cir. 2003);  <u>Pearsall v. Massanari</u>, 274 F.3d 1211,
1217 (8th Cir. 2001); <u>Young v. Apfel</u>, 221 F.3d 1065, 1069 n.5 (8th
Cir. 2000); <u>Anderson v. Shalala</u>, 51 F.3d 777, 779 (8th Cir. 1995).
Plaintiff failed to satisfy her burden.

It is not the task of this Court to review the evidence and
make an independent decision.  Neither is it to reverse the
decision of the ALJ because there is evidence in the record which
contradicts his findings.  The test is whether there is substantial
evidence on the record as a whole which supports the decision of
the ALJ.  <u>E.g.</u>, <u>Mapes v. Chater</u>, 82 F.3d 259, 262 (8th Cir. 1996);
<u>Pratt v. Sullivan</u>, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the
briefs, the ALJ's decision, the transcript of the hearing and the
medical and other evidence.  There is ample evidence on the record
as a whole that "a reasonable mind might accept as adequate to
support [the] conclusion" of the ALJ in this case.  <u>Richardson v.
Perales</u>, 402 U.S. at 401; <u>see also</u> <u>Reutter ex rel. Reutter v.
Barnhart</u>, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's
decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this ____13____ day of December, 2010.


_____
UNITED STATES MAGISTRATE JUDGE